## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| DOUGLAS R. NORTHRUP, ) | |
| ) | Bankruptcy No. 13-02031 |
| Debtor. ) | |
| RENEE K. HANRAHAN, in her sole ) | |
| Capacity as Chapter 7 Trustee ) | |
| ) | |
| Plaintiff, ) | Adversary No. 14-09033 |
| ) | |
| v. ) | |
| ) | |
| HUPY & ABRAHAM, S.C., ) | |
| ) | |
| Defendant. ) | |

## COURT RULING

Plaintiff Renee K. Hanrahan, Chapter 7 Trustee, brought this adversary proceeding to recover funds that allegedly belonged to the estate. In particular, Plaintiff seeks disgorgement of professional fees and argues that Defendant is liable for transfers made to third parties. Defendant Hupy & Abraham argues that it is not liable for the third-party transfers and that disgorgement of fees is inappropriate. The parties informed the Court they would submit the case on stipulated facts and briefs instead of having oral argument. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

## STATEMENT OF THE CASE

The parties agree on the material facts and that the Court must only address two legal issues here.  First, Plaintiff argues that she can avoid two of the post-petition transfers that were ultimately paid to third parties because Defendant is an "initial transferee" within the meaning of § 550(a)(1).  Defendant argues that it does not qualify as an initial transferee on those claims.

The second issue is whether Defendant properly used the disputed funds to pay itself legal fees and costs under §§ 327 and 330(a)(1).  Plaintiff argues that Defendant was not entitled to payment from the bankruptcy estate for providing legal services, so disgorgement is appropriate.  Defendant argues that it was entitled to those fees, making disgorgement inapplicable.

The Court concludes that Defendant does not meet the definition of an initial transferee.  It therefore cannot be liable for the two disputed transfers to third parties.  The Court also concludes Defendant inappropriately paid itself professional fees from the bankruptcy estate, so those fees will be disgorged.

## FINDINGS OF FACT

Parties submitted a joint statement of material facts for this proceeding.  On or about November 2, 2012, Debtor sustained an injury in a motor vehicle accident.  Debtor hired Attorney Brandon D. Derry of Hupy & Abraham, SC, PC, to represent him in the personal injury case.  Mr. Derry contacted the Debtor to convey a final settlement offer of $6,000 from the insurance company in his case on December 4, 2013.  Debtor verbally accepted this offer at that time.

2

The following day, December 5, 2013, Debtor filed this bankruptcy case. Plaintiff is the Trustee for Debtor's bankruptcy case. Debtor listed the cause of action in the personal injury claim for an undetermined value on his Schedule B. He claimed the lawsuit as exempt under Iowa Code § 627.6(16).[1]

Debtor signed a "Full and Final Release," which settled the personal injury claim for $6,000 on December 30, 2013. Once Defendant received the funds, it placed the funds in its trust account pursuant to Iowa law. Mr. Derry transmitted $2,500.00 of the settlement to Debtor. He also transferred $1,778.80 to pay attorney fees and $753.96 to pay Defendant's advanced costs of litigation. Mr. Derry also transferred $868.24 to the Iowa Lien Recovery Unit to reimburse Medicaid for amounts paid for Debtor's medical care. He further transferred $99.00 to Radiology Consultants of Iowa for Debtor's outstanding medical bills. Parties agree that these transfers were made in good faith because neither Debtor nor Debtor's attorney communicated to Defendant that Debtor had filed bankruptcy.

Trustee objected to the amount that Debtor should exempt under Iowa Code § 627.6(16). Trustee and Debtor settled the disagreement by reducing the exemption to $2,500.00, which was also the amount that Defendant transferred to Debtor.

---

[1] Iowa Code § 627.6(16) allows the debtor to exempt payments that are "reasonably necessary for the support of the debtor or the debtor's dependents . . . including structured settlements, resulting from personal injury to the debtor." Iowa Code § 627.6(16) (2015).

3

## CONCLUSIONS OF LAW

Defendant agrees that the personal injury claim is property of the estate. The only disputes that remain are whether Defendant is an "initial transferee" as stated in 11 U.S.C. § 550 and whether attorney fees should be disgorged under §§ 327 and 330.

**I.    Initial Transferee**

Trustee seeks to recover from the Defendant $868.24 transferred to the Iowa Lien Recovery Unit and $99.00 transferred to the Radiology Consultants of Iowa. Trustee argues that these transfers are avoidable under § 549(a).[2] Trustee therefore requests recovery from the Defendant in its capacity as an "initial transferee" under § 550(a)(1). Defendant does not dispute that the transfer is avoidable under § 549(a). Instead, Defendant argues that it is not an initial transferee, so it is not liable for these transfers.

Section 550(a) allows a trustee to recover property from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a) (2013). "The Bankruptcy Code does not define 'transferee' or 'initial transferee,' and there is no legislative history on the point." Richardson v. Fed. Deposit Ins. Corp. (In re M. Blackburn Mitchell Inc.), 164 B.R. 117, 124 (Bankr. N.D. Cali. 1994) (footnote omitted) (citing Bonded Fin. Servs., Inc. v. European Am. Bank, 838 F.2d 890, 893 (7th Cir. 1988).

---

[2] Section 549(a) allows the trustee to avoid transfers of property of the estate that fall under § 542(c). Section 542(c) involves transferees who lack knowledge of the bankruptcy and made the transfer in good faith.

The Eighth Circuit Court of Appeals, however, explains that liability under § 550(a) only arises where a party has "the right to exercise **dominion and control** over the funds." Sarachek v. Wahls (In re Agriprocessors, Inc.), Bankr. No. 08-2751, Adv. No. 10-09196, 2012 WL 1945701, at *4 (Bankr. N.D. Iowa May 30, 2012) (emphasis added); see also Luker v. Reeves (In re Reeves), 65 F.3d 670, 676 (8th Cir. 1995) ("At least seven other circuits have held that, to be an initial transferee, a party must have dominion and control over the transferred funds."). The transferee must derive some beneficial interest in the property. Sarachek v. Wahls (In re Agriprocessors), 490 B.R. 374, 384 (Bankr. N.D. Iowa 2013). The Court will consider whether the transferee has "legal authority over the money," and the transferee's "status in light of the entire transaction." Id. at 384–85 (quoting Universal Serv. Admin. Co. v. Post-Confirmation Comm. of Unsecured Creditors (In re Incomnet, Inc.), 463 F.3d 1064, 1070 (9th Cir. 2006) and Nordberg v. Societe Generale (In re Chase & Sanborn Corp.), 848 F.2d 1196, 1199 (11th Cir. 1988) (internal quotation marks omitted)).

Here, Defendant transferred funds to the Iowa Lien Recovery Unit and the Radiology Consultants of Iowa. Debtor owed these entities the amounts transferred for medical expenses related to his personal injury case. Therefore, the transfers could not have been for the transferee's benefit. In addition, Defendant did not have the ability to retain or control the funds. Thus, Defendant was not an initial transferee, and it cannot be liable for the debts transferred to these third parties.

5

## II. Fee Disgorgement

Trustee also argues that Defendant's fees should be disgorged because Defendant was not authorized to receive these fees. Defendant disagrees.

Section 327 of the Bankruptcy Code allows the trustee to employ professionals on behalf of the estate, including attorneys and other professional persons. 11 U.S.C. § 327 (2013). The trustee can then use estate funds to pay those professionals if the court holds a hearing and approves the compensation. Id. § 330. "[T]he United States Supreme Court held that section 330(a)(1) of the Code does not authorize compensation awards to debtors' attorneys from estate funds, unless such attorneys have been employed by the trustee with approval of the court." Fiegen Law Firm v. Fokkena (In re On-Line Servs. Ltd.), 324 B.R. 342, 347 (B.A.P. 8th Cir. 2005) (citing Lamie v. U.S. Trustee, 540 U.S. 526 (2004)).

Here, Defendant agrees that the personal injury case is estate property under § 541(a)(1). The Defendant is considered a professional under § 327. Therefore, in order to receive payment from the settlement funds, the trustee must have employed Defendant with the Court's approval. This did not occur. Thus, the Court concludes that keeping a portion of the settlement violated the applicable bankruptcy law and payments must be disgorged.

## CONCLUSION

Defendant does not meet the definition of an initial transferee, so it is not liable for third party transfers. However, it did receive professional fees from

6

estate property without following the proper procedure to obtain those fees. Therefore, disgorgement of fees is appropriate here.

**WHEREFORE**, Defendant is not liable for transfers to the Iowa Lien Recovery Unit and the Radiology Consultants of Iowa.

**WHEREFORE,** Defendant's fees of $1,778.80 and costs of $753.96, totaling $2,532.76, shall be disgorged, and Defendant will turn those funds over to the Trustee.

Dated and Entered: April 6, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE